UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

STATE OF FLORIDA,

   *Plaintiff*,

   v.                                      Case No. 8:21-cv-541-CEH-SPF

UNITED STATES OF AMERICA,
*et al.*,

   *Defendants*.

_____

**FLORIDA'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

Plaintiff, State of Florida, files this Response to the Court's Order to Show Cause dated March 15, 2021, and states as follows:

**BACKGROUND**

On March 8, 2021, Plaintiff filed this lawsuit against the Defendants in the Middle District of Florida. (D.E. 1). The Complaint alleges that venue is proper in the Middle District for two independently sufficient reasons: (1) because the State of Florida is a resident of the judicial district; and (2) because a substantial part of the events or omissions giving rise to the claim occurred in the judicial district. *See* 28 U.S.C. § 1391(e)(1).

On March 15, 2021, the court issued an order questioning why venue is proper in the Middle District of Florida rather than in the Northern District of Florida, which houses Florida's capital, Tallahassee. The order further

1

questions whether a substantial part of the events or omissions that gave rise to the Complaint occurred in the Middle District. The Court ordered Plaintiff to show cause why venue is proper in the Middle District.

## **LEGAL ARGUMENT**

28 U.S.C. § 1391(e)(1), which establishes venue in suits against officers or employees of the United States, provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

Venue is proper in this district pursuant to subsection (C). "A state is ubiquitous throughout its sovereign borders." *California v. Azar*, 911 F.3d 558, 570 (9th Cir. 2018). Therefore, for purposes of venue, "a state with multiple judicial districts 'resides' in every district within its borders." *Id.*; *accord Alabama v. U.S. Army Corps of Eng'rs*, 382 F. Supp .2d 1301, 1329 (N.D. Ala. 2005); *see also Atlanta & F.R. Co. v. W. Ry. Co. of Ala.*, 50 F. 790, 791 (5th Cir.

1892) (explaining that "the state government . . . resides at every point within the boundaries of the state"). On this basis, alone, venue is proper in the Middle District.

While the Court need not reach this question, Plaintiff submits that venue is also proper in the Middle District pursuant to subsection (B) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. While the Complaint identifies unlawful omissions that have already occurred, Compl. ¶¶ 49–54, it also alleges that unlawful omissions will continue, *id.* ¶ 49. Those omissions will occur throughout Florida and a substantial part of them will occur in this district. *Id.* ¶ 23 (noting that the Middle District includes four of Florida's five largest cities). Moreover, the Complaint specifically identifies cancelled detainers in Pasco County, which is located within the judicial district. *Id.* ¶ 52.

Finally, Local Rule 1.04(b) provides that an action must begin "in the division in which the action is most directly connected or in which the action is most conveniently advanced." This rule does not govern whether venue is proper in the Middle District, but only, when it is proper, which division a plaintiff should file in. As compared to other divisions within this district, the Tampa Division has the most direct connection. *See* Compl. ¶ 52.

3

## **CONCLUSION**

In light of the foregoing, the State of Florida respectfully asks the Court to hold that venue is proper in the Middle District of Florida and that the Tampa Division is a proper division under the local rules.

        Respectfully submitted,

        Ashley Moody
        ATTORNEY GENERAL

        John Guard
        CHIEF DEPUTY ATTORNEY GENERAL

        */s/ James H. Percival*
        James H. Percival* (FBN 1016188)
        CHIEF DEPUTY SOLICITOR GENERAL
        *Lead Counsel

        Jason H. Hilborn (FBN 1008829)
        ASSISTANT SOLICITOR GENERAL

        Anita Patel (FBN 70214)
        SENIOR ASSISTANT ATTORNEY GENERAL

        Rachel Kamoutsas (FBN 106869)
        DEPUTY GENERAL COUNSEL

        Office of the Attorney General
        The Capitol, Pl-01
        Tallahassee, Florida 32399-1050
        (850) 414-3300
        (850) 410-2672 (fax)
        james.percival@myfloridalegal.com

        *Counsel for the State of Florida*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of March, 2021 a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which provides notice to all parties.

/s/ *James H. Percival*
James H. Percival