UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.     Case No: 8:21-cv-541-CEH-SPF

UNITED STATES OF AMERICA, *et al.*,

    Defendants.
_____/

# ORDER

This matter comes before the Court on the Immigration Reform Law Institute's Unopposed Motion for Leave to File a Memorandum of Law as *Amicus Curiae* in Support of Florida's Motion for Preliminary Injunction (Doc. 18), the Unopposed Motion of Advocates for Victims of Illegal Alien Crime for Leave to File an *Amicus Curiae* Brief in Support of the State of Florida's Motion for a Preliminary Injunction (Doc. 21); and the Unopposed Motion of the American Civil Liberties Union and ACLU of Florida for Leave to File Brief as *Amici Curiae* (Doc. 22). In the motions, the nonparties request leave to file briefs as *amici curiae* regarding Florida's motion for preliminary injunction. The Court, having considered the motions and being fully advised in the premises, will deny the motions to file *amici curiae* briefs.

## BACKGROUND

The State of Florida ("Florida") sues Defendants, the United States of America (the "Government"), Alejandro Mayorkas in his official capacity as Secretary of the

United States Department of Homeland Security ("Mayorkas"), United States Department of Homeland Security ("DHS"), Troy Miller in his official capacity as Acting Commissioner of U.S. Customs and Border Protection ("Miller"), U.S. Customs and Border Protection ("CBP"), Tae Johnson in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement ("Johnson"), U.S. Immigration and Customs Enforcement ("ICE"), Tracy Renaud in her official capacity as Acting Director of U.S. Citizenship and Immigration Services ("Renaud"), and U.S. Citizenship and Immigration Services ("USCIS") (collectively "Defendants"), in a seven-count Complaint for declaratory and injunctive relief. Doc. 1. In its Complaint, Florida seeks to enjoin the Government from allegedly abdicating its duty to enforce immigration laws by failing to detain and remove criminal aliens and imposing a 100-day pause on the removal of aliens including those subject to final orders of removal. *Id.*

The Immigration and Nationality Act ("INA") provides a comprehensive framework for enforcement of the immigration laws. Specifically, Florida relies on 8 U.S.C. § 1226(c), which commands federal immigration authorities to arrest all criminal aliens, and 8 U.S.C. § 1231 (a)(1)(A), which requires federal officials to remove an alien from the United States within 90 days after issuance of a final order of removal. In support of its request for injunctive relief, Florida points to two recent memoranda wherein the Biden Administration purportedly "seeks to post hoc veto much of the immigration scheme": the "January 20 Memo" issued by DHS and the "February 18 Memo" issued by ICE. Doc. 1, ¶ 4. According to Florida, the January

2

Memo requires a review of the federal government's existing immigration policies, ceases virtually all civil immigration enforcement, and orders an immediate pause for 100 days on removals of any noncitizen with a final order of removal, subject to narrow exceptions.[1] *Id.* ¶¶ 40–42.

Florida contends that the February Memo issued by ICE on February 18, 2021, reiterates the "interim enforcement priorities," and while it purports to not prohibit civil immigration enforcement actions, it makes clear that to do so requires written justification by an ICE officer. According to Florida, the Government tries to justify the actions taken in the January and February Memos based on limited resources and the COVID-19 pandemic. As a result of the memos, Florida argues that it is being irreparably harmed because of ICE's refusal to take custody of criminal aliens in the State of Florida resulting in their release into Florida. Florida sues Defendants for agency action in excess of authority (Count 1), arbitrary and capricious agency action (Count 2), failure to provide notice and comment (Count 3), violation of 8 U.S.C. § 1226(c) (Count 4), violation of 8 U.S.C. § 1231(a)(1)(A) (Count 5), violation of the take care clause (Count 6), and violation of the separation of powers (Count 7). Doc. 1. Florida requests this Court to hold unlawful and set aside the January and February Memos, issue preliminary and permanent injunctive relief enjoining Defendants from enforcing the January and February Memos, issue declaratory relief declaring the

---

[1] Florida notes that on January 26, 2021, a South District of Texas court entered a nationwide temporary restraining order against the 100-day stay of removal, and on February 23, the court converted its order to a preliminary injunction. Doc. 1 ¶ 43 (citing *Texas v. United States*, No. 6:21-cv-3, 2021 WL 723856 (S.D. Tex. Feb. 23, 2021)).

January and February Memos ultra vires and unconstitutional, postponing the effective date of the January and February Memos, and to award Florida fees and costs. *Id.* at 27.

On March 9, 2021, Florida filed a motion for preliminary injunction arguing it will be irreparably harmed by the enforcement of the policies in the January and February Memos, ICE's refusal to take custody of criminal aliens in the State of Florida, and the resulting release of criminal aliens into Florida communities. Doc. 4. Florida argues that it has standing to seek the requested relief and that the increasing number of criminal aliens released into Florida will cause a variety of harms. Florida contends that this Court may review the agency actions in the memos and further argues the memos exceed DHS and ICE's statutory authority and are contrary to law. Florida submits that it is likely to succeed on the merits of its claims and that the balance of equities and public interest favor preliminary injunctive relief.

Defendants filed a response opposing Florida's motion for preliminary injunction. Doc. 23. Defendants submit that Florida's motion seeks to have this Court dictate where DHS should focus its limited resources. Defendants argue that Florida lacks standing because it is unable to show it is under a threat of actual and imminent injury. *Id.* at 14–17. Further, Defendants argue the agency actions are not subject to judicial review and that Florida is unlikely to prevail on the merits of its claims. According to Defendants, the balance of equities and public interest disfavor a preliminary injunction because the requested relief interferes with the federal government's judgment as to where it should dedicate its resources. *Id.* at 32.

Before the Court are three motions filed by non-parties seeking to file *amici curiae* briefs directed to Florida's motion for preliminary injunction. The Immigration Reform Law Institute ("IRLI") is a non-profit public interest law firm dedicated to litigating immigration-related cases. Doc. 18 at 1–2. It seeks to file a brief in support of Florida's motion. *Id.* at 1. The IRLI represents that it has provided *amicus curiae* briefs in a wide variety of immigration-related cases. *Id.* at 2. IRLI submits that its proffered brief will be beneficial in bringing certain relevant matters, including issues related to standing, other enforcement actions, and the applicability of the take care clause, to the Court's attention that may aid the Court. Doc. 18.

The Advocates for Victims of Illegal Alien Crime ("AVIAC") similarly seek to file an amicus brief in favor of Florida's motion, arguing that they have timely and useful information relevant to the dispute that is unique from that presented by the parties. Doc. 21. Specifically, AVIAC is an advocacy organization founded and led by individuals who have lost family members because of crimes committed by illegal aliens. *Id.* at 2. According to their motion, their mission is to advocate for policies that will enforce the nation's immigration laws. *Id.*

Lastly, the American Civil Liberties Union ("ACLU") and the ACLU of Florida seek to file a brief as *amici curiae*. Doc. 22. The movants represent they have extensive experience with the immigration removal system and particularly the detention statute at issue. *Id.* at 1–2. The ACLU and ACLU of Florida, siding with Defendants, argue that the State of Florida's motion threatens the liberty interests of persons subject to immigration enforcement in Florida and across the country. *Id.* at

5

2. Their brief purports to flesh out several key arguments in the case, including standing, notice and comment requirements, and whether the interim policies violate 8 U.S.C. § 1226(c). *Id.* at 3.

## DISCUSSION

This Court has previously explained that there is "no . . . provision in the Federal Rules of Civil Procedure or in this Court's Local Rules to regulate the filing of an amicus brief in the district court." *Dibbs v. Hillsborough Cty., Fla.*, No. 8:12-cv-2851-T-36TGW, 2014 WL 12839780, at *1 (M.D. Fla. Dec. 4, 2014). Regardless, district courts have "inherent authority to appoint *amici curiae*, or 'friends of the court,' to assist it in a proceeding." *Fishing Rights All., Inc. v. Pritzker*, No. 8:15-cv-1254-MSS-MAP, 2016 WL 11491618, at *3 (M.D. Fla. June 8, 2016) (quoting *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991)). In ruling on such requests, district courts have considered the principles set forth in United States Supreme Court Rule 37 and Federal Rule of Appellate Procedure 29 when deciding whether to grant leave to a non-party seeking to file an amicus brief. *Dibbs*, 2014 WL 12839780 at *1; *Leal v. Sec'y, U.S. Dep't of Health & Human Servs.*, No. 6:08-CV-1062-ORL-22G, 2009 WL 1148633, at *1 (M.D. Fla. Apr. 28, 2009) (applying both rules in recommending denial of the motion for leave).

Pursuant to Rule 37, "[a]n *amicus curiae* brief that brings to the attention of the Court relevant matter not already brought to its attention by the parties may be of considerable help to the Court[] [but] [a]n *amicus curiae* brief that does not serve this

6

purpose burdens the Court, and . . . is not favored." Sup. Ct. R. 37. Likewise, "Rule 29 provides that leave to file an amicus brief should be granted only if the court is satisfied as to the movant's interest and the reasons why an amicus brief would be desirable and relevant to the disposition of the case." *Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, No. 9:17-CV-80495, 2018 WL 3368746, at *1 (S.D. Fla. July 6, 2018) (citing Fed. R. App. P. 29(b)).

In deciding whether to grant leave, district courts usually consider whether "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, No. 2:10-cv-106-FTM-SPC, 2010 WL 3603276, at *1 (M.D. Fla. Sept. 9, 2010) (quoting *Liberty Resources, Inc. v. Philadelphia Housing Authority*, 395 F.Supp.2d 206, 209 (E.D. Pa. 2005)); *Dibbs*, 2014 WL 12839780, at *1 ("An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case ... or when the amicus has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide. Otherwise, leave to file an amicus brief should be denied.") (quoting *Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F.Supp.2d 295 (W.D.N.Y. 2007)). The decision is within the broad discretion of the court. *Dibbs*, 2014 WL 12839780, at *1; *Conservancy of Sw. Fla.*, 2010 WL 3603276, at *1 ("It is well-settled that a district court has broad

7

discretion to grant the request of a non-party to file an amicus brief. Inasmuch as an amicus is not a party and 'does not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the amicus.'").

Having considered the factors noted above, the Court finds that additional briefing from the movants is not required for the motion for preliminary injunction that is pending before the Court. No movant has alleged, much less demonstrated that the interests involved in the case are not competently represented, and the Court has discerned no reason to call the attorneys' competence into question. As in *Consumer Fin. Prot. Bureau*, "the Court finds that the parties in this litigation are adequately represented by counsel and amicus participation is not necessary in order to get an adequate representation of Plaintiff's position." 2018 WL 3368746, at *2; *Fla. by & through McCollum v. United States Dep't of Health & Human Servs.*, No. 3:10-CV-91-RV/EMT, 2010 WL 11570635, at *2 (N.D. Fla. June 14, 2010) ("It is 'particularly questionable' to allow an amicus brief when the existing parties are 'already well represented.'"). Additionally, the movants have not shown that the other factors ordinarily considered warrant the granting of leave in this case. Although the victims may have more detailed knowledge of their personal harm, their interests are not special or unique, but rather are aligned with Plaintiff's, and there is no suggestion that their interests would not be adequately represented by Plaintiff. Further, the movants are not neutral, but instead, partial to a particular outcome in the case, and their submissions would be duplicative. The movants' arguments regarding standing and

other issues regarding Florida's motion have been adequately addressed by the parties. Both sides have filed lengthy motions with multiple exhibits. Docs. 23, 25. The Court will be scheduling a hearing on the motion. The Court finds that the parties are competently represented and that the *amici curiae* briefs are unnecessary for the disposition of the motion for preliminary injunction.

Accordingly, upon consideration, it is hereby **ORDERED:**

1. The Unopposed Motion of Immigration Reform Law Institute for Leave to File a Memorandum of Law as *Amicus Curiae* in Support of Florida's Motion for a Preliminary Injunction (Doc. 18) is **DENIED**.

2. The Unopposed Motion of Advocates for Victims of Illegal Alien Crime for Leave to File an Amicus Brief in Support of the State of Florida's Motion for a Preliminary Injunction (Doc. 21) is **DENIED**.

3. The Unopposed Motion of the American Civil Liberties Union and ACLU of Florida for Leave to File Brief as *Amici Curiae* (Doc. 22) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on March 24, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any