UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STATE OF FLORIDA,**

    Plaintiff,

v.

**UNITED STATES OF AMERICA, et al.**

    Defendants.

Case No. 21-cv-541

### NOTICE OR, IN THE ALTERNATIVE, MOTION TO DISMISS

Defendants hereby request that the Court construe its opposition to Plaintiff's preliminary injunction motion as a motion to dismiss, *see* ECF No. 23, attached hereto as Ex. 1, or in the alternative move to dismiss Plaintiff's Complaint pursuant to Rule 12 for the reasons stated therein and below.

In light of the briefing over Plaintiff's Motion for a Preliminary Injunction, including Defendants' arguments going to the Court's jurisdiction, and the ensuing oral argument, Defendants believe it would be inefficient for separate, repetitive briefing and consideration of these same issues on a motion to dismiss. Any such motion by Defendants would merely reiterate the arguments from their preliminary injunction motion response, including the jurisdictional and threshold Administrative Procedure Act ("APA") challenges, and arguments for why Plaintiff's APA claims fail on the merits. The

1

Supreme Court has recognized that it is appropriate to "terminate the litigation" at the preliminary injunction stage if the "Government is entitled to judgment as a matter of law." *Munaf v. Geren*, 553 U.S. 674, 692 (2008); *see also Ark. Dairy Coop Ass'n v. U.S. Dep't of Agric.*, 573 F.2d 815, 832-33 (D.C. Cir. 2009) (remanding for dismissal of certain claims in consideration of whether a preliminary injunction should be granted); *Arpaio v. Obama*, 1:14-cv-1966, ECF No. 24 (D.D.C. Dec. 23, 2014) (dismissing action after Court construed defendants' preliminary injunction response as a motion to dismiss).

Thus, if the Court denies Florida's motion for a preliminary injunction on jurisdictional grounds, it should dismiss Florida's Complaint pursuant to Rule 12(b)(1), and if it denies the motion on the merits, it should accordingly dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6). Defendants conferred with Florida, which indicated that it opposes Defendants' request to construe its preliminary injunction response as a motion to dismiss.

To the extent the Court is not inclined to construe Defendants' preliminary injunction response as a motion to dismiss, Defendants hereby move to dismiss Florida Complaint in full pursuant to Rules 12(b)(1) and 12(b)(6) for the reasons stated in Defendants' opposition to Florida's motion for preliminary injunction. *See* Ex. 1[1] hereto (ECF No. 23) at 7-10 (arguing the Court lacks Article III standing) and 11-25 (arguing that Plaintiff's fail to state a claim).

---

[1] Defendants rely upon, and incorporate, their preliminary injunction opposition subject to any further clarification by Defendants concerning the arguments therein.

Dated: May 7, 2021

EREZ REUVENI
Assistant Director
U.S. Dept. of Justice, Civil Division
Office of Immigration Litigation –
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/* Kuntal Cholera
KUNTAL V. CHOLERA
ADAM D. KIRSCHNER
BRIAN C. ROSEN-SHAUD
MICHAEL F. KNAPP
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs
Branch 1100 L, NW Washington, DC
20005
Tel.: (202) 305-8645
Fax: (202) 616-8470
Email: kuntal.cholera@usdoj.gov